UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ETHAN JONES,

Plaintiff,

v.

LONG ISLAND RAILROAD,

Defendant.

**MEMORANDUM AND ORDER**

25-cv-3642 (LDH)(MMH)

LASHANN DEARCY HALL, United States District Judge:

Ethan Jones ("Plaintiff") brings the instant action against Long Island Railroad ("Defendant") for alleged violations of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 and the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §20109. Defendant moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND[1]

Plaintiff worked as a conductor for Defendant until February 15, 2022. (Compl. ¶ 11, ECF No. 1.) On that date, Plaintiff suffered a lumbar radiculopathy injury due to Defendant's alleged failure to maintain a safe working environment. (Compl. ¶¶ 11-14.) Plaintiff reported his injury and the unsafe working conditions to Defendant. (*Id.* ¶ 13.) Defendant subsequently ordered a medical assessment of Plaintiff which determined that Plaintiff could return to work. (*Id.* ¶ 14.) On April 26, 2022, Plaintiff filed a complaint in Queens County Supreme Court

[1] The following facts are taken from the Complaint and are assumed to be true for purposes of deciding the instant motion.

against Defendant alleging a claim under FELA.[2] (*See id.* ¶ 28; Compl., *Jones v. Long Island R.R.*, No. 709024/2022 (N.Y. Sup. Ct., Queens Cnty. 2022), Dkt. No. 1.)

Although Plaintiff pleads that he had been already cleared to return to work after the Defendant-ordered medical assessment, Plaintiff alleges he received extensive physical therapy and pain management in order to return to his work as a conductor. (*Id.* ¶¶ 14, 33.) On July 17, 2024, Plaintiff provided to Defendant a medical note written by his physician that informed Defendant that Plaintiff could return to work as a conductor without any physical restriction or limitation. (*Id.* ¶¶ 14.) Although Plaintiff does not allege that he had been previously terminated by Defendant, he alleges that on August 1, 2024, Defendant denied his request for "re-employment." (*Id.* ¶ 7.) According to his Complaint, Defendant's failure to allow Plaintiff to return to work was in retaliation for the filing of his FELA lawsuit two years prior. (*Id.* ¶ 19.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of defendants' liability for the alleged misconduct. *Id.* at 663. While this standard requires more than a "sheer possibility" of defendants' liability, *id.* at 678, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and,

[2] The Court may take judicial notice of other related litigation on a motion to dismiss. *See 5-Star Management, Inc v. Rogers*, 940 F. Supp. 512, 518 (E.D.N.Y. 1996) (citations omitted).

in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true[.]" *Id.* (citation omitted).

**DISCUSSION**

**I. FRSA Claim**

FRSA prohibits railroad carriers from retaliating against their employees who engage in safety-related protected activities, including notifying the railroad carrier of work-related injuries. *Sirois v. Long Island Railroad Co.*, 797 F. App'x 56, 58 (2d Cir. 2020) (citing 49 U.S.C. § 20109(a)). To establish a prima facie case of retaliation under FRSA, a plaintiff must show "that (1) she engaged in protected activity as defined in the statute; (2) she suffered an unfavorable personnel action; and (3) the protected activity was a contributing factor in the unfavorable action." *Id.* (citing *Metro-North Commuter R.R. Co. v. Dep't of Labor*, 886 F.3d 97, 104-06 (2d Cir. 2018)). Plaintiff argues that he engaged in protected activity on three occasions: (I) when he reported his injury and the unsafe working condition; (II) when he filed his FELA lawsuit; and (III) when he submitted his return-to-work request to Defendant. (Compl. ¶¶ 13-14, 19, 32.)

Defendant does not contest that Plaintiff's reporting of Plaintiff's injury and of the unsafe working condition constitutes protected activity. (Mem. Law. Supp. Mot. Dismiss ("Def.'s Mot.") at 4, ECF No. 25-1.) Nor could it, because the reporting of an injury and an unsafe working condition are clearly enumerated as a protected activity under FRSA. 42 U.S.C. § 20109(a)(4) (defining protected activity under FRSA to include any act "to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness of an employee"); 42 U.S.C. § 20109(b)(1)(A) (defining protected activity under FRSA to include "reporting, in good faith, a hazardous safety or security condition"). That

said, Defendant maintains that Plaintiff's FELA lawsuit and Plaintiff's medical note are not protected activity. (Def.'s Mot. at 4-7.) As a threshold matter, Plaintiff does not contest this argument, and thus concedes it. *See Nunez v. Cuomo*, No. 11-CV-3457, 2012 WL 3241260, at *19 (E.D.N.Y. Aug. 7, 2012) ("Plaintiffs appear to concede [the d]efendants' arguments, as they fail to acknowledge or contest them"). Nonetheless, the Court considers whether Plaintiff engaged in protected activity by filing a FELA lawsuit and making a return-to-work request.

Plaintiff did not. 42 U.S.C. § 20109(a)-(c) lists the activities considered protected activity under FRSA. The filing of a FELA lawsuit and providing a return-to-work request do not fall within the activities enumerated in 42 U.S.C. § 20109(a)-(c). Therefore, they are not protected activity under FRSA. *See* 42 U.S.C. § 20109(a)-(c); *see also Johnson v. Union Pacific Railroad Co.*, ARB No. 2021-0041, ALJ No. 2019-FRS-00005 at 5 (ARB Jan. 25, 2022) (per curiam) ("[R]equests to return to work are not protected activity." (citations omitted)); *c.f. Urbanski v. Port Auth. Trans-Hudson Corp.*, No. CV 22-2650, 2026 WL 878276, at *8 (D.N.J. Mar. 30, 2026) ("Plaintiff's presentation (or lack thereof) of a doctor's note is not a FRSA 'protected activity.'"). That said, in *LeDure v. BNSF Ry.* ARB No. 13-044, 2015 WL 4071574, at *4 (Admin. Rev. Bd. June 2, 2015), the Administrative Review Board found that a FELA lawsuit is protected activity if the FELA lawsuit provides additional information regarding a FSRA plaintiff's injury.[3] At least one district court in this circuit, *Cleveland v. Long Island R.R. Co.*, No. 18-CV-2080, 2019 WL 4511952, at *4 (S.D.N.Y. Sept. 18, 2019), has adopted *LeDure v. BNSF Ry.*'s holding.

However like in *Cleveland v. Long Island R.R. Co.*, No. 18-CV-2080, 2019 WL 4511952, at *4 (S.D.N.Y. Sept. 18, 2019), this Court also finds Plaintiff's allegations that the FELA

[3] The U.S. Secretary of Labor delegated his authority to review administrative law judges' decisions regarding FRSA to the Administrative Review Board. *See* 75 Fed. Reg. 3924, § 5(c)(15).

lawsuit provided Defendant with more information to be wholly conclusory. In *Cleveland*, the plaintiff failed to show the extent of defendant's knowledge regarding plaintiff's injury prior to the FELA lawsuit and failed to otherwise identify "any specifics about any new details that emerged" as a result of the FELA lawsuit. *Id*. at 5. So too here. Plaintiff pleads only that "Defendant first learned of the extent of Plaintiff's injuries, as well as the extent of the [unsafe condition]" in his FELA lawsuit. (Compl. ¶ 28.) Plaintiff does not identify what Defendant knew prior to the initiation of Plaintiff's FELA lawsuit, nor does he allege the specific facts that Defendant learned of as a result of Plaintiff's FELA lawsuit. Therefore, the Court cannot reasonably infer that Defendant's FELA lawsuit provided Defendant with additional information such that it constitutes protected activity.

Despite conceding that Defendant engaged in protected activity, Defendant argues that Plaintiff's FRSA claim still fails because Plaintiff failed to allege any direct facts that connect his protected activity —the initial reporting of his injury and the unsafe working condition —to his August 1, 2024 termination.[4] (Def.'s Mot. at 5-7.) The Court agrees with Defendant.

First, Plaintiff does not allege a single fact that Defendant fired him due to his initial reporting of his injury and the unsafe working condition. (*See generally* Compl.) It is true, however, that Plaintiff need not allege facts directly proving causation as "[a] plaintiff can establish a *prima facie* case that his protected activity was a contributing factor in the adverse action by circumstantial evidence." *Sirois*, 797 F. App'x at 59-60 (citing *Niedziejko v. Del. & Hudson Ry. Co.*, No. 18-0675, 2019 WL 1386047, at *43 (N.D.N.Y. Mar. 27, 2019) (emphasis in original)). Such circumstantial evidence includes: "[1] temporal proximity, [2] indications of pretext, [3] inconsistent application of an employer's policies, [4] an employer's shifting

[4] Defendant's motion dates the termination as of July 2024. (Def.'s Mot. at 4.)

explanations for its actions, [5] antagonism or hostility toward a complainant's protected activity, [6] the falsity of an employer's explanation for the adverse action taken, and [7] a change in the employer's attitude toward [the complainant] after he or she engages in protected activity." *Id.* In order for temporal proximity to support an inference that the protected activity was a contributing factor to the adverse employment action, "the protected act and the retaliation" must "occur in quick succession." *Id.* (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)).

While the Second Circuit has not articulated a bright line rule describing when a protected activity becomes too temporally attenuated from the adverse action to establish a causal relationship, *id.*, it is clear that a two-year gap here severs any causal link. *See, e.g.*, *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019) (causal link was too attenuated after one year between a protected activity and an alleged adverse action). Plaintiff here does not identify when his protected activity – the reporting of the injury and unsafe working conditions – took place. (*See* Compl.) In light of Plaintiff's pleading that he "immediately" reported the injury and unsafe working conditions, the Court reasonably infers that Plaintiff's report was made within a few months of his February 15, 2022 injury. (*Id.* ¶ 13.) Plaintiff was denied re-employment through his termination on August 1, 2024. (*Id.* ¶ 7.) The two-year delay between the protected activity and the alleged retaliation severs any temporal causal link. *See Natofsky*, 921 F.3d at 353 (one-year gap between protected activity and alleged adverse action renders the causal link too attenuated). Aside from temporal proximity, Plaintiff does not plead any other facts that act as circumstantial evidence showing that his protected activity was a contributing

factor to his termination.[5] Therefore, the Court finds that Plaintiff has failed to plead the contributing factor element of his FRSA claim and so his FRSA claim fails.

**II. FELA Claim**

Defendant argues that Plaintiff's FELA claim should also be dismissed. (Def.'s Mot. at 7-8.) Plaintiff, again, does not contest, and so concedes, that his FELA claim should be dismissed. *See Nunez,*2012 WL 3241260, at * 19. Nonetheless, a review of Plaintiff's Complaint reveals that Defendant is right.

FELA is a "'broad remedial statute' whose objective is 'to provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer.'" *Greene v. Long Island R. Co*, 280 F.3d 224, 229 (2d Cir. 2002) (quoting *Atchison, Topeka & Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 561–62 (1987)). To plead a FELA claim, a plaintiff must allege the traditional elements of negligence: duty, breach, foreseeability, and causation. *Tufariello v. Long Island R. Co.*, 458 F.3d 80, 87 (2d Cir. 2006). The foreseeability element in FELA requires "proof of actual or constructive notice to the employer of the defective condition that caused the injury." *Sinclair v. Long Island R.R.*, 985 F.2d 74, 77 (2d Cir. 1993) (citing *Gallick v. Baltimore & O.R.R.*, 372 U.S. 108, 117 (1963); and then *Gallose v. Long Island R.R.*, 878 F.2d 80, 84–85 (2d Cir.1989)). FELA, however, relaxes the causation element as a FELA plaintiff must prove only that "employer negligence played any part, even the slightest, in

[5] In an attempt to salvage his claim, Plaintiff cites to *Ziparo v. CSX Trans., Inc.*, 160 F.4th 314 (2d Cir. 2025) to argue that he can satisfy the causation prong "by submitting sufficient evidence of either temporal proximity to the protected act or differential treatment rising to the level of disparate treatment (as well as a 'hostile work' environment)." (Mem. Law Opp. Def.'s Mot. Dismiss Pl.'s Compl. at 9-11, ECF No. 24.) It is true that Plaintiff can satisfy the causation element through demonstrating temporal proximity or differential treatment. *Sirois*, 797 F. App'x at 59-60. That, however, does not change the Court's determination that Plaintiff fails to allege any fact from which the Court can adduce causation. Furthermore, *Ziparo*'s holding that a hostile work environment claim is actionable under FRSA only recognizes a new adverse action and does not provide an alternative method for Plaintiff to satisfy the causation element. 160 F.4th at 339 ("We conclude that a retaliatory hostile work environment is a cognizable adverse employment action under the FRSA." (emphasis added)). Thus, Plaintiff's argument fails.

producing the injury." *DeRienzo v. Metro. Transp. Auth., Metro N. Commuter R.R.*, 237 F. App'x 642, 645 (2d Cir. 2007) (quoting omitted). Here, Plaintiff's FELA claim fails because he has not alleged a single fact that could demonstrate that Defendant had any notice, actual or constructive, of the defective condition that caused his injury. (*See* Compl.)

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss the Complaint in its entirety is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge